UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN B. BLUNTSON,
a/k/a JONATHAN B. BLUNSTON,
DC# 598531,

    Petitioner,

v.        Case No. 3:13cv20/MCR/CJK

MICHAEL D. CREWS,

    Respondent.

_____/

## ORDER

Petitioner has filed a petition for writ of habeas corpus (doc. 1). Before the Court is the Magistrates Judge's Report and Recommendation, dated August 7, 2014 (doc. 20). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The Court has made a *de novo* determination of those portions to which an objection has been made. (*See* docs. 21 & 22).

Petitioner objects to the Magistrate Judge's finding in Grounds 1, 2, 3, and 4 that he did not suffer prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), maintaining he should have been permitted to withdraw his plea because of the errors and that correcting his sentence did not cure the prejudice to him. The Court has reviewed the cases cited by Petitioner and concludes that they do not establish Petitioner suffered prejudice in light of the record in this case. Petitioner relies heavily on *Johnson v. Uribe*, 682 F.3d 1239 (9th Cir. 2012), *amended on reh'g*, 700 F.3d 413 (2012); *United States v. Smith*, 2006 WL 982000 (M.D. Tenn. Apr. 12, 2006) (unpublished); and *Gallegos v. State*, 62 So. 3d 1236, 1238 (Fla. 2d DCA 2011), for the proposition that he should be allowed to withdraw his plea despite the fact that his sentence was subsequently corrected. In

each of these cases, however, there was a reasonable probability that the defendant would not have entered the plea but for the ineffective advice or illegal sentence, contrary to this case. In *Johnson*, the plea was entered to a sentence that was greater than that authorized by law *and* greater than the defendant "could receive if he went to trial and was found guilty of all charges." 682 F.3d at 1241. The court found that "the inaccurate enhancements fundamentally altered the bargaining position of the two parties for the entire plea negotiation period," which the record reveals was not the case here. *Id.* at 1245. Similarly, in *Smith* and *Gallegos*, the errors would have impacted the bargaining position of the parties. The court in *Smith* found actual prejudice from counsel's failure to object to a sentence that exceeded the statutory maximum by four years, and in *Gallegos*, *Strickland* prejudice was found where the defendant pleaded guilty to third degree felonies typically punishable for up to five years in prison but instead, the defendant was sentenced to enhanced ten-year penalties under Florida's habitual felony offender statute. In this case, by contrast, the errors did not fundamentally alter Petitioner's bargaining position. The Court agrees with the Magistrate Judge's conclusion that on the record in this case, Petitioner cannot show a reasonable probability that he would have insisted on going to trial had counsel provided him accurate advice regarding sentencing and jail time credit. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (stating prejudice in the context of a plea requires a showing that "the outcome of the plea process would have been different with competent advice" and citing *Missouri v. Frye*, 132 U.S. 1399, 1405-06 (2012)). Thus, although in some instances, "resentencing alone will not be full redress for the constitutional injury," *Id.* at 1389, it was appropriate here.

Additionally, after *de novo* review, the Court rejects Petitioner's objection as to Ground 1 that any errors during the plea process rendered his plea involuntary. The claim is not supported by the record. Despite the errors that occurred, the Court cannot conclude that the decision to accept the plea was contrary to or an unreasonable application of clearly established federal law. The Court also has reviewed and rejects Petitioner's objection to the findings in Ground 5, in which Petitioner asserted he entered a plea to the

wrong offense.  The Court agrees with and adopts the analysis set forth by the Magistrate Judge.

Accordingly, it is ORDERED:

1. The Petitioner's Objections (docs. 21 & 22) are **OVERRULED**, and the Magistrate Judge's Report and Recommendation (doc. 20), as supplemented herein, is adopted and incorporated by reference.

2. The petition for writ of habeas corpus (doc. 1) challenging Petitioner's judgment of conviction and sentence in *State of Florida v. Jonathan Berry Blunston*, Escambia County, Florida, Circuit Court Case Numbers 08-CF-3028, 08-CF-5241, 08-CF-5242, 08-CF-5278 and 08-CF-5489 is **DENIED**, and the Clerk is directed to close the file.

3. A certificate of appealability is **DENIED**.

**DONE AND ORDERED** this 27th day of February 2015.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**